UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                    :
CARLOS GOMES,                                       :
                                                    :            11 Civ. 6654 (PAE)
                                    Plaintiff,      :
                                                    :            OPINION & ORDER
                    -v-                             :
                                                    :
WARDEN T. BILLINGSLEY et al.,                       :
                                                    :
                                    Defendants.     :
                                                    :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

         Carlos Gomes petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Gomes

is currently serving a 15-year state sentence, which is running concurrently with a 10-year

federal sentence.  He is incarcerated in the Federal Correctional Institution in Otisville, New

York.

         Gomes petitions for credit on his 10-year federal sentence for 497 days that he served in

state custody after arrest but before he received his federal sentence.  For the following reasons,

the petition is denied.

I.       **Background**

         On January 9, 2004, Gomes fired his pistol at the door of an occupied police car; later

that day, he was arrested by the Providence (Rhode Island) Police Department, taken into state

custody, and charged on five counts.  Declaration of Patrick Liotti ("Liotti Decl.") Ex. B ¶¶ 1, 8,

40.  On November 3, 2004, a federal grand jury returned an indictment against Gomes arising

out of the incident on January 9, 2004; the next day, a federal detainer was put in place against

him.  *Id.* ¶¶ 2, 4.

While in state custody, Gomes was produced to the U.S. District Court for the District of
Rhode Island pursuant to writs of habeas corpus *ad prosequendum* four times: (1) on November
9, 2004, for his arraignment and initial appearance, *id.* ¶ 3; (2) on January 31, 2005, for his guilty
plea, *id.* ¶ 4; (3) on March 16, 2005, for a psychiatric evaluation, Liotti Decl. Ex. A at 1; and (4)
on May 20, 2005, for sentencing, *id.* In each of these instances, Gomes was returned to state
custody on the same day as he was produced to the federal court. *Id.* At the May 20, 2005,
sentencing, Gomes was sentenced to a 10-year term for his federal offense. Liotti Decl. Ex. C at
2.

On June 15, 2005, Gomes pled guilty to two Rhode Island state counts arising out of the
incident on January 9, 2004. Liotti Decl. Ex. D. Also on June 15, 2005, Gomes was released
into federal custody, and began his federal sentence. *Id.* On June 22, 2005, he was sentenced to
30 years—15 years to serve in prison and 15 years suspended— for his state offenses, to run
concurrently with the 10-year federal sentence, as well as to 15 years probation. *Id.* The state
court ordered that Gomes "be given credit for time served in the state from January 9, 2004
through June 15, 2005." *Id.*

On August 23, 2005, federal officials at the United States Penitentiary at Allenwood,
Pennsylvania, where Gomes was incarcerated at the time, determined that Gomes' federal
sentence had commenced on June 15, 2005. Liotti Decl. Exs. F, K; Liotti Decl. ¶ 10. On June
25, 2008, Gomes filed an administrative claim with the Bureau of Prisons, in which he sought
credit against his federal sentence for the period between January 9, 2004 (when he was arrested
and placed in state custody) and June 14, 2005 (the day before his federal sentence commenced).
Liotti Decl. Ex. H. The Bureau of Prisons gave Gomes credit for the period between May 20,
2005 (the day on which he was sentenced in the federal case) and June 14, 2005 (the day before

he was released from state custody into federal custody), inclusive. Liotti Decl. Ex. J. However,

it denied his claim for credit as to the preceding 497 days. *Id.*

Gomes has exhausted his administrative remedies. He filed this petition on September

16, 2011.

## II.    Discussion

Because the 497 days that Gomes asks to have credited toward his federal sentence have

already been credited to his state sentence, he is not entitled to the relief he seeks.

The calculation of a term of federal imprisonment is governed by 18 U.S.C. § 3585,

which reads in full:

> (a) Commencement of Sentence. - A sentence to a term of
> imprisonment commences on the date the defendant is received in
> custody awaiting transportation to, or arrives voluntarily to
> commence service of sentence at, the official detention facility at
> which the sentence is to be served.
> (b) Credit for Prior Custody. - A defendant shall be given credit
> toward the service of a term of imprisonment for any time he has
> spent in official detention prior to the date the sentence
> commences -
>> (1) as a result of the offense for which the sentence was
>> imposed; or
>> (2) as a result of any other charge for which the defendant was
>> arrested after the commission of the offense for which the
>> sentence was imposed;
> that has not been credited against another sentence.

Under subsection 3585(b), time served in presentence custody that has already been

credited toward one sentence cannot be credited toward another. Therefore, because Gomes

already received a credit toward his state sentence for the time he spent in state custody from

January 9, 2004 through June 15, 2005, the same time cannot also be credited toward his federal

sentence. Section 3585(b) "bars double-counting." *Werber v. United States*, 149 F.3d 172, 173

(2d Cir. 1998); *see also Lopez v. Terrell*, 654 F.3d 176, 178 (2d Cir. 2011) ("[i]f a defendant's

presentence custody *has* been credited to another sentence, no § 3585(b) credit is available");

*Villanueva v. United States*, 346 F.3d 55, 63 n.3 (2d Cir. 2003) (credit for presentence time

available only if the time was not already credited against another sentence); *United States v.*

*Labeille-Soto*, 163 F.3d 93, 99 (2d Cir. 1998) ("a defendant has no right to credit on his federal

sentence for time that has been credited against his prior state sentence").

      Gomes does not have a viable argument that his federal sentence commenced before May

20, 2005, the day on which that sentence was imposed. A federal sentence cannot commence

under § 3585(a) before the date on which it was imposed. *See Lopez*, 654 F.3d at 185 (a federal

sentence constitutes no more than the term of imprisonment after the date of sentencing);

*Labeille-Soto*, 163 F.3d at 98 (same); *Perkins v. Schult*, No. 05-cv-1282, 2007 WL 2089685, at

*4 (N.D.N.Y. July 20, 2007) ("It is firmly established, and certainly within this circuit, that the

earliest date upon which a federal sentence can commence is the date upon which it was

imposed.").

      The federal Bureau of Prisons has already credited Gomes for the period between May

20, 2005 (his date of sentencing) and June 14, 2005 (the day before he left state custody for

federal custody, and the day before his sentence began), and Gomes has no colorable argument

that he was in federal custody, as that term is defined in § 3585, before that period. Although he

was produced to the U.S. District Court for the District of Rhode Island pursuant to writs of

habeas corpus *ad prosequendum* four times while in state custody, production or detention at a

federal facility pursuant to such a writ does not constitute being "in custody" for the purposes of

§ 3585(a). *United States v. Lockenwitz*, 376 F. App'x 147, 150 (2d Cir. 2010) ("[A] defendant

held at a federal detention facility is not 'in custody' for the purposes of § 3585(a) when he is

produced through a writ of habeas corpus ad prosequendum.") (*quoting United States v. Fermin*,

252 F.3d 102, 108 n.10 (2d Cir. 2001)).[1]  And, in any event, these dates have already been credited toward his state sentence.

The cases cited by Gomes in support of his argument do not alter this analysis.  He cites *Mieles v. United States*, 895 F.2d 887 (2d Cir. 1990) and *Espinoza v. Sabol*, 558 F.3d 83 (1st Cir. 2009) for the proposition that, under § 3585(b), a defendant convicted of a federal crime has a right, in circumstances such as his, to receive credit for time spent in official detention before the commencement of his sentence.  Gomes ignores, however, that such a right to credit is available only if such time "has not been credited against another sentence."  18 U.S.C.A. § 3585(b) (2012).  Here, the time Gomes seeks to have credited toward his federal sentence has already been credited toward his state sentence, arising out of the same offense.  Gomes also cites *Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir. 1993), but it, too, is inapposite.  In *Kayfez*, a prisoner serving concurrent federal and state sentences, of which the state sentence was longer, had presentence time credited against his state sentence.  The Court also allowed some presentence time to be credited against Kayfez's federal sentence, but that was because the difference between the prisoner's state and federal sentences was shorter than the period of presentenced custody, and thus any other outcome would have denied Kayfez full credit for his presentence custody.  The facts here are different.  Although Gomes' state sentence is longer than his concurrent federal

---

[1] As of November 4, 2004, Gomes had a federal detainer lodged against him, although he remained in state custody.  Some courts, including within this Circuit, have recognized an exception to § 3585(b)'s prohibition on double-counting for "time spent in state custody . . . if the continued state confinement was exclusively the product of such action by federal law-enforcement officials," holding that such time must be credited toward a federal sentence. *Rosemund v. Menifee*, 137 F. Supp. 2d 270, 274 (S.D.N.Y. 2000) (quoting *Shaw v. Smith*, 680 F.2d 1104, 1106 (5th Cir. 1982)); *see also United States v. Blankenship*, 733 F.2d 433, 434 (6th Cir. 1984) ("the evolved legal precedent also teaches that the credit against the federal sentence attaches only when the federal detainer is the *exclusive* reason for the prisoner's failure to obtain his release on bail").  Here, because Gomes was held in state custody for nearly 10 months prior to the lodging of the federal detainer, the Court does not find that the detainer was the "exclusive reason" for Gomes' detention, and thus this exception, even if cognizable, would not apply.

sentence, the 524-day credit he received toward his state sentence is smaller than the difference between his state and federal sentences.[2] The full 524-day credit will, thus, apply toward Gomes' state sentence.

## CONCLUSION

For the foregoing reasons, Gomes' September 16, 2011 petition for a writ of habeas corpus is denied. In addition, the Court declines to issue a certificate of appealability. Gomes has not made a substantial showing of a denial of a federal right, and appellate review is therefore not warranted. 28 U.S.C. § 2253; *Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).


SO ORDERED.

Paul A. Engelmayer
United States District Judge


Dated: February 17, 2012
       New York, New York

---

[2] The Bureau of Prisons' best current estimate is that Gomes will complete his federal sentence on February 3, 2014, and his state sentence on January 14, 2019. Liotti Decl. ¶¶ 17-18 & Ex. K. This is a difference of 1,807 days, more than double Gomes' credit for presentence time.